# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN LYNN COLLINS,<br><br>Defendant. | Case No. CR13-3004<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Michael K. Lahammer.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 24, 2013, Defendant Stephen Lynn Collins was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine (Count 1), possession with intent to distribute methamphetamine (Count 12), and possession of a firearm in furtherance of a drug trafficking crime (Count 13). At the arraignment on February 1, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 1, 2013.

At the hearing, Cerro Gordo County Deputy Sheriff Frank J. Hodak testified regarding the circumstances underlying the instant charges.[1] On October 22, 2012, Defendant was involved in a controlled drug transaction. A confidential informant ("CI") met with Chad Seger, a co-defendant in this case, to purchase methamphetamine. Seger indicated that he needed to get the methamphetamine from his source. Defendant provided

---

[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

1

methamphetamine to Seger, and Seger sold the methamphetamine to the CI. On November 28, 2012, Defendant was involved in another controlled drug transaction. Here, a CI purchased methamphetamine directly from Defendant.

On November 30, 2012, law enforcement observed Defendant leaving the residence of Amanda Eldridge, a co-defendant in this matter. A traffic stop was conducted on Defendant and Eldridge. Law enforcement found 5.5 grams of methamphetamine packaged for distribution on Eldridge, and a stolen handgun on Defendant. Defendant was interviewed by law enforcement and admitted using Eldridge as a source for methamphetamine. Defendant also admitted both selling and using methamphetamine. Lastly, he stated that he had the handgun for protection. A search warrant was also executed at Defendant's residence, where law enforcement found .5 ounces of methamphetamine, marijuana, scales, and baggies.

According to the pretrial services report, Defendant is 26 years old. He has lived his entire life in Mason City, Iowa. Defendant's parents and siblings all reside in Mason City. Defendant has lived with his mother for the past 5 years, and if released, he would return to his mother's residence in Mason City. Defendant has never been married, but he has one daughter who lives with her mother in Mason City.

Defendant has been unemployed since June 2012. Defendant told the pretrial services officer that he has been employed "off and on" for the past 10 years by his grandfather. According to Defendant, he believes that he could return to working for his grandfather if he "gets his act together." Defendant also told the pretrial services officer that he suffers from a muscle deterioration disease, but he is not prescribed medication for this condition. Approximately 12 years ago, Defendant was diagnosed with bipolar disorder. He is prescribed medication as treatment, but does not take it. Defendant told the pretrial services officer that for the past 10 years, he has smoked marijuana several times per week. He also stated that he has been a regular user of methamphetamine for the past 4 years.

2

Turning to his criminal record, in May 2005, at age 18, Defendant was charged and later convicted of fifth degree criminal mischief. He failed to appear for a contempt hearing in this matter. In June 2005, while the criminal mischief charge was pending, Defendant was charged with third degree theft. This charge was later dismissed. On July 23, 2005, while both the May and June charges were pending, Defendant was charged and later convicted of second degree harassment. Prior to sentencing, Defendant violated a no contact order, and an arrest warrant was issued. The warrant was served and Defendant was released on his own recognizance. He was given a suspended jail sentence and 1 year probation on the harassment charge. Additionally, with regard to his probation, multiple petitions for violation of probation were filed against Defendant. Also on July 23, Defendant was charged and later convicted in a separate case with fifth degree theft. He failed to appear for a contempt hearing in that case.

On March 28, 2006, while on probation, Defendant was charged and later convicted of third degree theft. Defendant was given a 2 year suspended prison sentence and 2 years probation. On October 14, 2006, while on probation, Defendant was charged and later convicted of voluntary escape.[2] Defendant's probation in the March theft charge was revoked and he was sentenced to 2 years in prison. His sentence was discharged in February 2007. In June 2007, Defendant was charged and later convicted of theft in Freeborn County, Minnesota. In August 2009, Defendant was charged and later convicted of possession of drug paraphernalia. In November 2012, Defendant was charged with carrying weapons and fourth degree theft. These charges were dismissed, following the filing of the instant federal indictment on related charges.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

---

[2] When he was sentenced on the third degree theft charge, Defendant's probation in the 2005 harassment charge was modified to include 180 days in a residential facility.

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine (Count 1), possession with intent to distribute methamphetamine (Count 12), and possession of a firearm in furtherance of a drug trafficking crime (Count 13). Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. As to Count 1, Deputy Hodak testified regarding a controlled drug transaction on October 22, 2012, where Defendant supplied a co-defendant with methamphetamine to sell to a CI. On November 28, 2012, Defendant directly sold methamphetamine to a CI in another controlled drug transaction. On November 30, 2012, law enforcement executed a search warrant at Defendant's residence and found methamphetamine, a scale, and baggies. Additionally, Defendant admitted obtaining methamphetamine from Amanda Eldridge, another co-defendant, for purposes of selling it in the Mason City area. As to Count 12, on November 30, 2012, Defendant was involved in a traffic stop with Eldridge, where law enforcement found 5.5 grams of methamphetamine packaged for distribution. As to Count 13, during the November 30 traffic stop, law enforcement also found Defendant in possession of stolen handgun. Defendant told law enforcement that he had the gun for protection.

The Court is particularly concerned that on November 30, 2012, Defendant was found in possession of methamphetamine and a stolen handgun. The combination of drugs and firearms constitutes a generalized danger to the community. Defendant has a history of committing additional offenses while on pretrial release and probation. He has failed to appear for court proceedings on multiple occasions. He is not currently employed, and his employment history is sporadic. Defendant has been diagnosed with bipolar disorder, but does not take his prescribed medication to treat his mental health disorder. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that

will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 1, 2013) to the filing of this Ruling (February 7, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of February, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA